**Justin Gray**

| | |
|---|---|
| **From:** | Ashe, Gregory <GASHE@ftc.gov> |
| **Sent:** | Monday, October 5, 2020 10:15 AM |
| **To:** | Justin Gray |
| **Cc:** | Clark, Helen |
| **Subject:** | RE: FTC v. Lead Express - settlement agreement |
| **Attachments:** | Stipulation to enter final order - Tribal Defendant 04OCT2020.pdf |

Justin,

Our responses are in bold below. I think we are there. I've attached a clean version you can circulate to the tribe.

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719

---

**From:** Justin Gray <JGray@rosettelaw.com>
**Sent:** Friday, October 2, 2020 6:40 AM
**To:** Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Gregory and Helen,

Thank you taking my call yesterday. I appreciate your understanding of my client's concerns and your willingness to work through some of the issues specific to Indian tribal sovereignty. As I mentioned, I'd like to follow up on a few points…

If I understood correctly, when my client dissolves, and there is no continuation, assign, successor, etc. of any kind, there would be no future obligations under the proposed stipulation, and there is nothing that prevents my client from dissolving. My client would simply report that it had dissolved.

**That is our understanding as well. We would expect that the TLE submit a brief compliance notice stating that it has dissolved, attaching copies of the relevant dissolution paperwork.**

We discussed that the FTC would be able to file some sort of notice that explained to the Court that my client's obligations had been satisfied. While we didn't speak to any specifics about wording, the notice would make it clear that my client has no additional obligations and would make it clear to others that the judgment will have no future consequences. How do we memorialize that understanding among the parties in this stipulation to prevent confusion or delay after dissolution?

**It was our understanding from the conversation that your client's issue is the nature of the judgment. What we can agree to file is a notice stating that the transfers of funds required by the final order have been made and the judgment is therefore suspended subject to the other provisions of the order (i.e., if we discover the TLE misrepresented its financial state). I can send you a draft of the notice we would file, but we can't incorporate that into the stipulated order.**

As to the facts necessary to find jurisdiction, we discussed that referred to ¶¶ 2, 3, and 14.  Were there any others?  And can we identify those paragraphs in the stipulation.

**(1) For subject matter jurisdiction: paragraphs 1, 2, 4, 5, 18, 48, 49, 53, 54, 56, 57, 58, 63, 64, 66, 68, 69, 71, 76, 77, 78, 79, 83, and 84.  These facts (which are recitations of law unrelated to the TLE) establish the following points all of which support subject matter jurisdiction—(a) the plaintiff is an agency of the United States (28 USC 1345), (b) the action involves a federal question (i.e. violations of federal law) (28 USC 1331), (c) the statutes in question (e.g., FTC Act, TILA, EFTA) are "Act[s] of Congress regulating commerce" (28 USC 1337(a)), and (d) Sections 13(b) and 19 of the FTC Act expressly give federal courts exclusive authority to grant requested relief (15 USC 53(b), 57b).**
**(2) For personal jurisdiction: paragraph 14.  The facts in this paragraph support personal jurisdiction.**

**We believe the finding as written (without specifying particular paragraphs) is legally preferable.  Stating "facts necessary" advantages defendants in that it is too ambiguous for third parties to cite for any specific facts.**

The case I mentioned was *Sprawldef v. Guidiville Rancheria of California*, No. 19-16278, 2020 WL 5642142, at *1 (9th Cir. Sept. 22, 2020)
"The Tribe here expressly consented to the district court's continued exercise of jurisdiction to enforce the terms of the stipulated judgment.  In so doing, it consented to the court's jurisdiction over suits seeking to modify it or set it aside.  Sprawldef's suit seeks to void the settlement and resulting judgment, set aside any City actions taken pursuant to the judgment, and require the City to comply with the Brown Act in future deliberations.  The complaint does not specify any other remedies sought against the Tribe.  The suit therefore falls within the scope of the Tribe's waiver of sovereign immunity in the settlement agreement and stipulated judgment."

**We think the factual situation in Spawldef (a third party trying to void a settlement between the tribe and city) is extremely unlikely here.  We would oppose any such attempted intervention by a third party.**

We discussed the Receiver's role with the portfolio and that my client's termination of all vendor agreements and dissolution would not impact the Receiver and the Receiver's responsibilities in any way.   We also discussed removing the Receiver as a signor on the stipulation.  You noted that it is FTC's position that the Receiver would be ultimately responsible to determine if he may lawfully collect any of the consumer loans, i.e., to collect the principal of the existing loans plus one payment.

**This is our understanding.  Have revised the order to remove receiver signature block.**

We discussed that the FTC would remove the "successor and assign" language throughout.  And we discussed that the FTC would strike the "Cooperation" section.

**See revised order removing that language and the cooperation section.**

I'm not sure if I confirmed it on the call or not, but my client would still provide a limited waiver of tribal sovereign immunity to accompany the Stipulation.  We may need to reference that in the opening paragraph.

**Okay, please send us copy of anything memorializing that decision.  We think the language in the order as drafted is legally sufficient.**

And we briefly discussed whether it'd be simpler if my clients simply dissolved immediately and avoided the bureaucratic hassle and unnecessary adjudication.  The Receiver already has the bank accounts, and we're happy to provide any additional information before doing so, but that could resolve the matter virtually instantly.

**Let's just stipulate to the order and the TLE can dissolve after it's entered.**

Please confirm that I've captured our discussion correctly so we can work forward to concluding this lawsuit.  Thank you.

**Justin Gray, Attorney** 
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client.  It is intended for use only by the original recipient.  If you receive this message in error, please notify the sender, then delete and disregard this message.*

**From:** Ashe, Gregory <GASHE@ftc.gov>
**Sent:** Wednesday, September 30, 2020 9:22 AM
**To:** Justin Gray <JGray@rosettelaw.com>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Can we do 11:45.  I have a meeting that ends at 11:30.

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719

**From:** Justin Gray <JGray@rosettelaw.com>
**Sent:** Tuesday, September 29, 2020 6:21 PM
**To:** Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Quick change….will 11:30 work on Thursday?

**Justin Gray, Attorney**
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client.  It is intended for use only by the original recipient.  If you receive this message in error, please notify the sender, then delete and disregard this message.*

---

**From:** Ashe, Gregory <GASHE@ftc.gov>
**Sent:** Tuesday, September 29, 2020 1:22 PM
**To:** Justin Gray <JGray@rosettelaw.com>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Dial in: 877-336-1839
Access code: 3263332

Look forward to speaking with you at 1 on Thursday.

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719

---

**From:** Justin Gray <JGray@rosettelaw.com>
**Sent:** Tuesday, September 29, 2020 1:20 PM
**To:** Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Let's aim for 1:00 p.m. Thursday.  Do you have a dial in or should I circulate one?

**Justin Gray, Attorney**
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client.  It is intended for use only by the original recipient.  If you receive this message in error, please notify the sender, then delete and disregard this message.*

---

**From:** Ashe, Gregory <GASHE@ftc.gov>
**Sent:** Tuesday, September 29, 2020 9:49 AM
**To:** Justin Gray <JGray@rosettelaw.com>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Justin,

4

We are available either day at the following times (although Thursday would be best):
Thursday October 1: between 11:30-4
Friday: all day

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719

---

**From:** Justin Gray <JGray@rosettelaw.com>
**Sent:** Tuesday, September 29, 2020 7:35 AM
**To:** Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: FTC v. Lead Express - settlement agreement

Gregory,

Would you have time for a call to discuss a few ideas Thursday or Friday, October 1 or 2?

My client's review is ongoing, but after an initial review I think we are aligned in most cases with a few simple nits to sort out.

**Justin Gray, Attorney**
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client. It is intended for use only by the original recipient. If you receive this message in error, please notify the sender, then delete and disregard this message.*

---

**From:** Ashe, Gregory <GASHE@ftc.gov>
**Sent:** Friday, September 25, 2020 12:46 PM
**To:** Justin Gray <JGray@rosettelaw.com>; 'tmcnamara@mcnamarallp.com' <tmcnamara@mcnamarallp.com>; Edward Chang <echang@mcnamarallp.com> (echang@mcnamarallp.com) <echang@mcnamarallp.com>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** FTC v. Lead Express - settlement agreement

Counsel,

We have reviewed your proposed counter offer regarding settlement. Attached is revised proposed settlement agreement marked to show changes as well as a clean version.

5

As you will see, we have been able to accept some but not all of your proposed changes. In addition, in somer instances, we agree with the substance of your change but need to use different language. We have annotated the marked up version with comments to provide an initial explanation of our decisions.

If you and your client agree with the revised proposed settlement, please let us know via email. At that point, we can file a stipulation with the Court to stay the case for 120 days to allow the Commission adequate time to review and approve the settlement. I believe we have explained previously the settlement process at the FTC: staff has authority to negotiate settlements but only a majority vote of the 5 presidentially-appointed Commissioners can approve a settlement for filing with the Court. The review and approval process typically takes several weeks, so once we have your agreement on settlement, we ask the Court to stay the case during the review process.

Of course, we are free to meet if you would like to discuss any of our comments.

Regards,

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719