

LA POSTA
BAND OF MISSION INDIANS
8 Crestwood Rd. #1
Boulevard, California 91905
(619) 478-2113 • Fax (619) 478-2125

EXHIBIT 7

# RESOLUTION NO. 202210
## OF THE GENERAL COUNCIL OF THE
## LA POSTA BAND OF MISSION INDIANS

### CLOSING THE LA POSTA TRIBAL LENDING ENTERPRISE AND REPEALING THE TRIBAL LENDING ENTERPRISE ORDINANCE AND RESOLUTION 102104(B)

**WHEREAS,** the La Posta Band of Mission Indians ("Tribe") is a federally recognized Indian tribe (Federal Register Vol. 83, No. 20, pp 5462-5467 (January 30, 2020)), with a Constitution adopted on January 26, 1973, as superseded on December 2, 2005 and approved by the Secretary of the Interior on December 13, 2005, as amended ("Constitution"), pursuant to the Indian Reorganization Act of June 18, 1934, 48 Stat. 984, 25 U.S.C. §476; and

**WHEREAS,** pursuant to the Article V § 2 of the Constitution, the General Council is the primary governing body of the Tribe;

**WHEREAS,** on April 21, 2010, pursuant to Resolution No. 102104(A), the General Council authorized consumer lending on the La Posta Indian Reservation ("Reservation"); and

**WHEREAS,** on April 21, 2010, pursuant to Resolution No. 102104(B), the General Council established the La Posta Tribal Lending Enterprise ("TLE") as a wholly owned unincorporated business entity of the Tribe governed by Tribal law for purposes of operating consumer lending business on behalf of the Tribe; and

**WHEREAS,** on April 21, 2010, pursuant to Resolution No. 102104(B), the General Council approved and adopted the Tribal Lending Enterprise Ordinance ("TLE Ordinance"); and

**WHEREAS,** the Tribe created the TLE to expedite the development of the Tribe's economy, to improve the Tribe's economic self-sufficiency, to further the Tribe's self-governance, to enable the Tribe to better serve the social, economic, educational and health needs of its members and those who live on the Reservation, and to provide its members with opportunities to improve their own economic circumstances; and

**WHEREAS,** the Tribe established the TLE and authorized consumer lending on the Reservation as a legitimate means of generating revenue to address the



**LA POSTA
BAND OF MISSION INDIANS**
8 Crestwood Rd. #1
Boulevard, California 91905
(619) 478-2113 • Fax (619) 478-2125

aforementioned purposes and to further the Tribe's goals of self-sufficiency and self-determination, and

**WHEREAS,** the General Council created the TLE as a consumer lender able to maintain property, funds, accounts and other assets related to the lending business separate and segregated from those of the Tribe and any other Tribal programs, departments, and business entities; and

**WHEREAS,** the General Council enacted the TLE Ordinance to define the parameters of the TLE and delegate the appropriate authority to the TLE to serve the aforementioned purposes exclusively for the benefit of the Tribe; and

**WHEREAS,** the TLE Ordinance plainly demonstrates the Tribe's intent to structure the TLE as a business entity separate and apart from the Tribe, with independent authority to conduct business, hold and maintain assets "solely in the name of the [TLE] in segregated accounts separate from those of the Tribe and shall not be commingled…", and grant limited waivers of the TLE's sovereign immunity from suit; and

**WHEREAS,** the TLE has operated since April 21, 2010, under the General and Tribal Council's control, and has earned much needed revenue to support the aforementioned purposes, including promoting the Tribe's self-sufficiency and providing benefits to its Members; and

**WHEREAS,** the Tribe now desires to change the course of its consumer lending businesses to create and operate lending businesses under the La Posta Band of Mission Indians Business Ordinance ("Business Ordinance"), enacted pursuant to Resolution No.171201(C), which establishes a formalized mechanism for the Tribe to create distinct business entities and allows for formation and recognition of Tribal corporations and limited liability companies under Tribal law; and

**WHEREAS,** the Tribe has created new tribal lending businesses pursuant to the Business Ordinance which are better suited to advance the aforementioned purposes; and

**WHEREAS,** the TLE has been named as a defendant in the matter of *Federal Trade Commission v. Lead Express, Inc., Camel Coins, Inc., Sea Mirror, Inc., Naito Corp., Kotobuki Marketing, Inc., Ebisu Marketing, Inc., Hotei Marketing, Inc., Daikoku Marketing, Inc., La Posta Tribal Lending Enterprise, Takehisa Naito, and Keishi Ikeda*, Case No. 2:20-CV-00840 (D. Nv. May 11, 2020) ("Lawsuit"); and

**LA POSTA
BAND OF MISSION INDIANS**
8 Crestwood Rd. #1
Boulevard, California 91905
(619) 478-2113 • Fax (619) 478-2125

| | |
|---|---|
| **WHEREAS,** | in the Lawsuit, the Federal Trade Commission ("FTC") alleges violations of the FTC Act, which prohibits "unfair or deceptive acts or practices in or affecting commerce," related to alleged misrepresentations regarding loans and loan repayments, violations of the telemarketing sales rules, unlawful use of remotely created checks; violations of the Truth in Lending Act and Regulation Z, including alleged failures to make required loan disclosures, and alleged failures related to credit advertisements; and, violations of the Electronic Funds Transfer Act and Regulation E, including alleged failures to obtain customer authorizations, and the FTC seeks damages and injunctive relief; and |
| **WHEREAS,** | with respect to the specific allegations of the Lawsuit, the TLE has always taken the position that the TLE is an arm of the tribe and immune from unconsented suit and has not violated any applicable federal law; and |
| **WHEREAS,** | at the direction of the Tribal Council, the TLE has been working with legal counsel to reach an amicable resolution with the FTC to resolve the Lawsuit; and, |
| **WHEREAS,** | in good faith and in the spirit of cooperation, the TLE agreed to a preliminary injunction and, according to the stipulation, the TLE has turned over control of its bank accounts and certain records to a court-appointed receiver, and the TLE has stopped all participation in its lending activities; and |
| **WHEREAS,** | upon information and belief, the court-appointed receiver is acting in the name of the TLE to collect outstanding payments on existing loans with the consent of the FTC, supporting the TLE's position that the loans are lawful; and |
| **WHEREAS,** | in good faith and in the spirit of cooperation, the TLE voluntarily provided responses to several of the FTC's inquiries about the TLE's lending business; and |
| **WHEREAS** | in good faith and in the spirit of cooperation, the TLE endeavored to negotiate terms for a stipulation to enter an order for a permanent injunction and for a monetary settlement with the FTC; and |
| **WHEREAS** | despite good faith negotiations, the FTC held to its notion of form over substance and refused to agree to several of the TLE's suggested edits to |



**LA POSTA
BAND OF MISSION INDIANS**
8 Crestwood Rd. #1
Boulevard, California 91905
(619) 478-2113 • Fax (619) 478-2125

the stipulation, including: suggestions that would clarify the stipulation would only bind the TLE and not the Tribe or any other wholly-owned tribal entity; striking provisions requiring the TLE to admit to certain facts unnecessarily; clarifying certain definitions; opposing language that would ensure that the TLE would satisfy the stipulation upon its dissolution and have no future obligations; opposing reasonable time limits; refusing to dedicate any disgorged funds for the Tribal Preservation Program; and unnecessarily requiring future cooperation from the TLE despite future dissolution; and

**WHEREAS,** the FTC refused to release funds to allow the TLE to make final payments to employees and vendors; and

**WHEREAS,** the FTC refused to assist the TLE in obtaining non-prosecution agreements from the Department of Justice; and

**WHEREAS,** the FTC would only resolve the Lawsuit with a stipulated order; and

**WHEREAS,** the FTC and TLE did not reach an agreement as to a stipulated order; and

**WHEREAS,** the costs of defending the TLE far outweigh the benefits of a judgment finding that the TLE is an immune arm of the Tribe and that the TLE did not violate any federal law because the TLE has represented to the FTC from the outset that it does not intend to lend anymore; and

**WHEREAS,** since the inception of the Lawsuit, the TLE has ceased operations, and, consistent with the original intent when enacting the TLE Ordinance, both Tribal Council and General Council desire to dissolve the TLE while maintaining the legal, legislative, and operational distinction between the TLE and the Tribal government; and

**WHEREAS,** the TLE has sent notices to terminate all agreements with all service providers, creditors, and vendors and Tribal Council shall, upon the effective date of this Resolution, post notice of the closure and dissolution of the TLE at the Tribal office and on the Tribe's website; and

**WHEREAS,** dissolution of the TLE through rescission and repeal of the TLE Ordinance and its approving Resolution is the General Council's only way to exercise its governing and legislative authority to dissolve an unincorporated Tribal business created by Ordinance and approving Resolution; and



**LA POSTA
BAND OF MISSION INDIANS**
8 Crestwood Rd. #1
Boulevard, California 91905
(619) 478-2113 • Fax (619) 478-2125

**WHEREAS,** consistent with the purpose and intent of the TLE Ordinance and approving Resolution, the General Council at all times desires to maintain the legal, legislative, and operational distinction between the TLE and the Tribal government so as to keep separate the assets and liabilities of the TLE from the assets and liabilities of the Tribal government; and

**WHEREAS,** as governing bodies of a sovereign, the Tribal Council and General Council have the obligation to act in the best interest of the Tribe, as well as the authority to prevent the assets, liabilities, and alleged actions of the TLE from being imputed to the Tribe, the sovereign government; and

**WHEREAS,** because the Tribe has established new lending businesses under its Business Ordinance and the costs of the Litigation will defeat the Tribe's aforementioned purposes for forming and operating the TLE, the General Council believes it is in the best interest of the Tribe to dissolve the TLE and rescind the TLE Ordinance and its approving Resolution.

**THEREFORE BE IT RESOLVED,** that the General Council of the La Posta Band of Mission Indians hereby closes and dissolves the La Posta Tribal Lending Enterprise to ensure that the TLE may no longer operate or function in any capacity.

**BE IT FURTHER RESOLVED,** that the General Council hereby rescinds and repeals the Tribal Lending Enterprise Ordinance and Resolution 102104(B).

**BE IT FURTHER RESOLVED,** that the General Council hereby authorizes and directs the Tribal Council to take all necessary and appropriate actions that the Tribal Council deems necessary or advisable to carry out the complete cessation of all TLE operations.

**BE IT FURTHER RESOLVED,** that by closing the TLE and repealing the TLE Ordinance and its approving Resolution, General Council is terminating any and all outstanding agreements, obligations, debts, and liabilities and the General Council is not assigning or appointing any successor in interest or any entity to continue any function of the TLE; and

**BE IT FURTHER RESOLVED,** the General Council authorizes Justin Gray, of Rosette, LLP, to take any necessary steps to so advise the FTC and/or the Court of this action.



**LA POSTA
BAND OF MISSION INDIANS**
8 Crestwood Rd. #1
Boulevard, California 91905
(619) 478-2113 • Fax (619) 478-2125

## CERTIFICATION

This is to certify that Resolution No. 202210 was adopted at a duly called meeting of the General Council of the La Posta Band of Mission Indians, in San Diego County, California, on the 22nd day of October, 2020 by a vote of ____ "for," ____ "against," and ____ "abstaining," and that such Resolution has not been rescinded or amended in any way.

_____
James Hill, Vice Chairperson

ATTEST:

_____
Eric LaChappa, Secretary/Treasurer