# Justin Gray

| | |
|---|---|
| **From:** | Ashe, Gregory <GASHE@ftc.gov> |
| **Sent:** | Monday, October 26, 2020 8:32 PM |
| **To:** | Justin Gray |
| **Cc:** | Clark, Helen |
| **Subject:** | RE: TLE Dissolution |

Thank you for this.  We have discussed with our management next steps.  We wanted to give you the heads up that we will likely file for default judgment (we recognize that the TLE no longer exists, but we believe it to be analogous to a dissolved LLC).

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719

**From:** Justin Gray <JGray@rosettelaw.com>
**Sent:** Friday, October 23, 2020 12:06 PM
**To:** Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: TLE Dissolution

Gregory,

The Tribe has approved my request to share Resolution 202210 with you.  It is attached.  Please let me know if you need anything further.

**Justin Gray, Attorney**
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client.  It is intended for use only by the original recipient.  If you receive this message in error, please notify the sender, then delete and disregard this message.*

**From:** Justin Gray
**Sent:** Friday, October 23, 2020 10:44 AM
**To:** Ashe, Gregory <GASHE@ftc.gov>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: TLE Dissolution

Gregory,

My client continues to disagree that the lengthy proposed stipulation was necessary to resolve the dispute.

I'll confirm with the Tribe that I can share the tribal records, but I expect that will not be an issue. To be clear, the Tribe repealed the Tribal Lending Enterprise Ordinance. The Tribal Consumer Financial Services Regulatory Ordinance (which, put very simply, authorizes wholly owned and licensed arms of the tribe to engage in the business of online lending from the Tribe's Reservation) remains tribal law.

**Justin Gray, Attorney**
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client. It is intended for use only by the original recipient. If you receive this message in error, please notify the sender, then delete and disregard this message.*

**From:** Ashe, Gregory <GASHE@ftc.gov>
**Sent:** Friday, October 23, 2020 10:33 AM
**To:** Justin Gray <JGray@rosettelaw.com>
**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** RE: TLE Dissolution

Justin,

Thank you for your email. It is unfortunate that the Tribe took this route. The FTC tried to be as accommodating as it could with your client in light of 9th Circuit and District of Nevada case law regarding the jurisdiction of the FTC over tribal lending. We will need to consider how the FTC should best move forward.

Meanwhile, could you please send us copies of the resolution dissolving the TLE and the resolution repealing the tribal lending ordinance.

Regards,

Gregory Ashe
Senior Staff Attorney
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
202-326-3719

**From:** Justin Gray <JGray@rosettelaw.com>
**Sent:** Thursday, October 22, 2020 7:08 PM
**To:** Ashe, Gregory <GASHE@ftc.gov>

**Cc:** Clark, Helen <hclark@ftc.gov>
**Subject:** TLE Dissolution

Gregory,

I've discussed the last version of the proposed stipulated order with my client as well as your responses to their questions. To the point, my client has declined to stipulate and instead chose to dissolve this morning.

In particular, I confirmed with you that after the TLE dissolved, and there was no continuation, successor, or assigns of any kind, there would be no future obligations under the proposed stipulation. Over the course of our negotiations, I made clear that my client fully intended to close and to never operate again. With the certainty that cessation of all lending and dissolution would satisfy the FTC, my clients chose to simplify matters and dissolve immediately.

My client has cooperated at every step of this litigation in good faith. My client has surrendered control of all bank accounts and all assets to the Receiver and, if necessary, the Tribe will assist in closing all bank accounts at the appropriate time. My client has terminated all agreements with all vendors, servicers, and creditors and has surrendered its lending license to the Tribal Regulatory Authority. My client has answered all of your informal discovery requests and you have not indicated any need for any follow up on any responses or sought any production. There is nothing more my client can do regardless of any stipulation. As such, despite the Tribe's decision not to stipulate, TLE has performed all of the substantive requirements of the stipulation, nevertheless.

My client was frustrated that the FTC would not consider any of its substantive edits and suggestions to the proposed stipulation despite my emphasis that protecting my client's sovereignty was critical. The FTC refused to delete sections that were wholly irrelevant to the actual facts and circumstances of the case. We understand that the template stipulation was taken from the FTC's prior case against Tucker/AMG structure. However, Tucker was an anomaly in the industry, not the norm, and certainly not analogous to La Posta. Despite attempts to shoehorn my client into that boilerplate language, it simply was not the right fit.

On October 22, 2020, the Tribe's General Council voted and approved a Resolution closing the TLE and repealing the La Posta Tribal Lending Enterprise Ordinance, which constitutes the necessary step to permanently close and dissolve the TLE under the law of its formation—i.e., Tribal law and common law. Under the common law, "a corporation which has been dissolved is as if it did not exist, and the result of the dissolution cannot be distinguished from the death of natural person in its effect . . . It follows, therefore, that as the death of the natural person abates all pending litigation to which such a person is a party, dissolution of a corporation at common law abates all litigation in which the corporation is appearing either as plaintiff or defendant." *Oklahoma Nat. Gas Co. v. State of Oklahoma*, 273 U.S. 257, 259–60 (1927).

Accordingly, my client will not file any motion or responsive pleading to the Complaint, as it is dissolved and unable to act. We trust that you will take necessary steps to notify the Court of the dissolution and remove my (dissolved) client from the case. Please let me know if I can assist to that end, as the Tribe has authorized me to continue to work with you to conclude the litigation.

**Justin Gray, Attorney**
**Rosette, LLP**
**Attorneys at Law**
Michigan Office
44 Grandville Ave. SW
Suite 300
Grand Rapids, MI 49503
Office: (616) 655-1601
jgray@rosettelaw.com
www.rosettelaw.com

*This message may contain privileged communication between attorney and client. It is intended for use only by the original recipient. If you receive this message in error, please notify the sender, then delete and disregard this message.*