J. REILLY DOLAN
Acting General Counsel
GREGORY A. ASHE
HELEN CLARK
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2273 (Clark)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, hclark@ftc.gov

NICHOLAS A. TRUTANICH
United States Attorney
LINDSAY AGER
Assistant United States Attorney
Nevada Bar No. 11985
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Lindsay.ager@usdoj.gov

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**,<br><br>Plaintiff,<br><br>v.<br><br>**LEAD EXPRESS, INC.**, *et al.*,<br><br>Defendants. | **Case No. 2:20-cv-00840-JAD-NJK**<br><br>**STIPULATED ORDER FOR PERMANENT INJUNCTION AND MONETARY JUDGMENT AS TO DEFENDANTS LEAD EXPRESS, INC., CAMEL COINS, INC., SEA MIRROR, INC., NAITO CORP., KOTOBUKI MARKETING, INC., EBISU MARKETING, INC., HOTEI MARKETING, INC., DAIKOKU MARKETING, INC., TAKEHISA NAITO, AND KEISHI IKEDA**<br><br>ECF No. 94 |

Plaintiff, the Federal Trade Commission ("FTC") commenced this civil action on May 11, 2020, pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, Section 6(b) of the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. § 6105(b), Section 108(c) of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1607(c), and Section 918(c) of the Electronic Fund Transfer Act ("EFTA"), 15 U.S.C. § 1693o(c).  (ECF No. 1.)  On May 19, 2020, on motion by the FTC, the Court entered an *ex parte* temporary restraining order ("TRO") with asset freeze and other equitable relief against Defendants Lead Express, Inc., Camel Coins, Inc., Sea Mirror, Inc., Naito Corp., Kotobuki Marketing, Inc., Ebisu Marketing, Inc., Hotei Marketing, Inc., Daikoku Marketing, Inc., La Posta Tribal Lending Enterprise, Takehisa Naito, and Keishi Ikeda.  (ECF No. 13.)  On June 19, 2020, the Court entered preliminary injunctions.  (ECF Nos. 44, 45, and 46.)  Now, the FTC and the Corporate and Individual Defendants, by and through their undersigned counsel, have stipulated and agreed to entry of this Order for Permanent Injunction and Monetary Judgement ("Order") to resolve all matters in dispute in this action between them.

**FINDINGS OF FACT**

By stipulation of the parties, [ECF No. 94], the Court finds that:

A. The Court has jurisdiction over this matter.

B. The Complaint charges that the Corporate and Individual Defendants participated in unlawful acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), the FTC's Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, TILA, 15 U.S.C. §§ 1601-1666j, and its implementing Regulation Z, 12 C.F.R. Part 1026, and EFTA, 15 U.S.C. §§1693-1693r, and its implementing Regulation E, 12 C.F.R. Part 1005, in connection with the marketing and extension of loans.

C. The Corporate and Individual Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order.  Only for purposes of this action, the Corporate and Individual Defendants admit the facts necessary to establish jurisdiction.

D. The Corporate and Individual Defendants waive all rights to seek judicial review or otherwise challenge or contest the validity of this Order.

E. The Corporate and Individual Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear their own costs and attorney fees.

F. This Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Consumer**" means any Person.

B. "**Corporate Defendants**" means Lead Express, Inc., Camel Coins, Inc., Sea Mirror, Inc., Naito Corp., Kotobuki Marketing, Inc., Ebisu Marketing, Inc., Hotei Marketing, Inc., and Daikoku Marketing, Inc., and each of their subsidiaries, affiliates, successors, and assigns.

C. "**Debt**" means any obligation or alleged obligation of a Consumer to pay money, whether or not such obligation has been reduced to judgment.

D. "**Debt Collection Activities**" means any activities to collect or attempt to collect, directly or indirectly, a Debt owed or due, asserted to be owed or due.

E. "**Defendants**" means the Corporate Defendants, the Tribal Defendant, and the Individual Defendants, individually, collectively, or in any combination.

F. "**Individual Defendants**" means Takehisa Naito and Keishi Ikeda, individually, collectively, or in any combination.

G. "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

H.  **"Receivership Entities"** means the Corporate Defendants, as well as any other business related to Defendants' payday loan operation and that the Receiver has reason to believe is owned or controlled in whole or in part by any Defendant, including but not limited to any other payday loan business operated by the Individual Defendants.

I.  **"Tribal Defendant"** means La Posta Tribal Lending Enterprise and any name under which it does business including Harvest Moon Financial, Green Stream Lending, and Gentle Breeze Online.

## ORDER

### BAN ON LENDING ACTIVITIES

I.  **IT IS THEREFORE ORDERED** that the Corporate and Individual Defendants, whether directly or indirectly, are permanently restrained and enjoined from:

A.  Providing, arranging for, or assisting any Consumer in receiving or applying for, any loan or other extension of credit;

B.  Advertising, marketing, promoting, or offering any loan or other extension of credit;

C.  Assisting others engaged in providing, arranging for, or assisting any Consumer in receiving or applying for, any loan or other extension of credit; and

D.  Assisting others engaged in advertising, marketing, promoting, or offering any loan or other extension of credit.

### PROHIBITION AGAINST MISREPRESENTATIONS

II.  **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are

hereby permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication:

A.  Any aspect of any Debt Collection Activity, including but not limited to (a) that Consumers owe a Debt; (b) that Consumers can be arrested, prosecuted, or imprisoned for failing to pay any Debt; or (c) that any Person will or can take formal legal action against Consumers who do not pay any Debt, including but not limited to, filing suit or garnishment;

B.  Any fact material to Consumers concerning any product or service, such as the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## INJUNCTION RELATED TO RECURRING BANK DEBITS

III.  **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A.  Making electronic fund transfers from a Consumer's deposit, savings, or asset account on a recurring basis without:

   1. Obtaining a written authorization signed or similarly authenticated from the Consumer for preauthorized electronic fund transfers from the Consumer's account, which written authorization must (a) be readily identifiable as such and (b) the terms of the preauthorized transfer, including the amount of each transfer and the dates on which each transfer will be made, are clear and readily understandable; and

2. Providing to the Consumer a copy of a written authorization signed or similarly authenticated from the Consumer for preauthorized electronic fund transfers from the Consumer's account; or

B. Violating the Electronic Fund Transfers Act, 15 U.S.C. §§ 1693-1693r, or Regulation E, 12 C.F.R. Part 205.

**INJUNCTION RELATING TO TELEMARKETING**

IV. **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, offering for sale, or selling of any product or service through telemarketing, are hereby permanently restrained and enjoined from:

A. creating or causing to be created, directly or indirectly, a remotely created payment order, including a remotely created check, as payment for such good or service; or

B. violating the FTC's Telemarketing Sales Rule, 16 C.F.R. Part 310.

**PROVISIONS RELATING TO EXISTING DEBTS**

V. **IT IS FURTHER ORDERED** that:

A. Any Consumer Debt for loans issued by the Tribal Defendant and assigned to the Corporate or Individual Defendants before the May 19, 2020 Temporary Restraining Order issued in this case (ECF No. 13) ("Existing Debt") is hereby deemed paid in full to the extent such Existing Debt exceeds the amount financed plus one finance charge (the "Paid in Full Debt").

B.  The Corporate and Individual Defendants shall not collect upon or make any attempt to collect upon; shall not sell, assign, or otherwise transfer; and shall not report to any consumer reporting agency, any Paid in Full Debt.

C.  The Corporate and Individual Defendants shall assign and transfer to the Receiver any Existing Debt that is not Paid in Full Debt.

**CUSTOMER INFORMATION**

VI.  **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants, their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A.  Failing to provide sufficient customer information to enable the FTC to administer efficiently consumer redress.  If a representative of the FTC requests in writing any information related to redress, that the Corporate and Individual Defendants must provide it, in the form prescribed by the FTC, within 14 days;

B.  Disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the marketing and extension of loans; and

C.  Failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after receipt of written direction to do so from a representative of the FTC.

D. Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

**MONETARY JUDGMENT AND PARTIAL SUSPENSION**

VII. **IT IS FURTHER ORDERED**:

A. Judgment in the amount of ONE HUNDRED AND FOURTEEN MILLION, THREE HUNDRED AND THIRTY FIVE THOUSAND, EIGHT HUNDRED AND THIRTY EIGHT Dollars ($114,335,838) is entered in favor of the FTC against the Corporate and Individual Defendants, jointly and severally, as equitable monetary relief.

B. In partial satisfaction of the judgment entered against the Corporate and Individual Defendants:

1. All financial institutions holding accounts in the name of, on behalf of, or for the benefit of, any Receivership Entity shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in such accounts, including, but not limited to:

    a. Open Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in (i) account number xxxx0474 in the name of Lead Express; (ii) account number xxxx0458 in the name of Naito Corp; (iii) account number xxxx0466 in the name of Ebisu Marketing; (iv) account number xxxx0482 in the name of Camel Coins; (v) account number xxxx0557 in the name of Sea Mirror; and (vi) account number xxxx3791 in the name of Kotobuki Marketing; and

    b. Wells Fargo Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the Receiver or his designated agent all funds, if any, in (a) account number xxxx9898 in the name of Camel Coins; (b) account number xxxx6881 in the name of Daikoku Marketing; (c) account number xxxx6154 in the name of Ebisu Marketing; (d) account number xxxx3413 in the name of Hotei Marketing; (e) account number xxxx9062 in the name of Kotobuki Marketing; (f) account number xxxx9880 in the name of Lead Express; (g) account number xxxx9539 in the name of Naito Corp; (h) account number xxxx9062 in the name of Sea Mirror; and (i) account number xxxx5604 in the name of Cheese Head Bear;

2. Open Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in (a) account number xxxx0997 in the name of Takehisa Naito; and (b) account number xxxx1292 in the name of Keishi Ikeda;

3. Wells Fargo Bank shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in account number xxxx8611 in the name of Takehisa Naito;

4. Bank of America shall, within ten (10) business days of receipt of a copy of this Order, transfer to the FTC or its designated agent all funds, if any, in account number xxxx3389 in the name of Takehisa Naito;

C. Upon completion of the asset transfers as set forth in Section VII.B of this Order, the remainder of the judgment as to the Corporate and Individual Defendants is suspended, subject to the Subsections E, F, and G below.

D.  The asset freeze is modified to permit the transfers identified in this Section. Upon completion of those transfers, the asset freeze as to the Corporate and Individual Defendants is dissolved.

E.  The FTC's agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of the Corporate and Individual Defendants' sworn financial statement and related documents (collectively, "financial representations") submitted to the FTC, namely (1) the Financial Statement of Defendant Lead Express, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (2) the Financial Statement of Defendant Camel Coins, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (3) the Financial Statement of Defendant Sea Mirror, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (4) the Financial Statement of Defendant Naito Corp. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (5) the Financial Statement of Defendant Kotobuki Marketing, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (6) the Financial Statement of Defendant Ebisu Marketing, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (7) the Financial Statement of Defendant Hotei Marketing, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (8) the Financial Statement of Defendant Daikoku Marketing, Inc. signed by its President Takehisa Naito on June 23, 2020, including the attachments, (9) the Financial Statement of Defendant Takehisa Naito as to United States assets signed on June 23, 2020, including the attachments, (10) the Financial Statement of Defendant Takehisa Naito as to Japanese assets signed on June 23, 2020, including the attachments,

and (11) the Financial Statement of Defendant Keishi Ikeda signed on June 5, 2020, including the attachments.

F. The suspension of the judgment will be lifted as to a Corporate or Individual Defendant if, upon motion by the FTC, the Court finds that such Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

G. If the suspension of the judgment is lifted, the judgment becomes immediately due as to a Corporate or Individual Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section or made by the Tribal Defendant, plus interest computed from the date of entry of this Order.

H. The Corporate and Individual Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

I. The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of the FTC, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

J. The facts alleged in the Complaint establish all elements necessary to sustain an action by the FTC pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

K. The Corporate and Individual Defendants acknowledge that their Taxpayer Identification Numbers, which the Corporate and Individual Defendants previously submitted to the FTC, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

L. All money paid to the FTC pursuant to this Order may be deposited into a fund administered by the FTC or its designee to be used for equitable relief, including consumer redress and any attendant expenses for the administration of any redress fund. If a representative of the FTC decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, the FTC may apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint. Any money not used for such equitable relief is to be deposited to the U.S. Treasury as disgorgement. The Corporate and Individual Defendants have no right to challenge any actions the FTC or its representatives may take pursuant to this Subsection.

**CONTINUATION OF RECEIVERSHIP**

VIII. **IT IS FURTHER ORDERED** that Thomas McNamara, Esq., shall continue as a permanent receiver over the Receivership Entities with full powers of a permanent receiver, including but not limited to those powers set forth in the Stipulated Preliminary Injunction as to the Corporate Defendants entered by the Court on June 19, 2020 (ECF No. 44), and including full liquidation powers. The Receiver is directed to wind up the Receivership Entities and liquidate all assets within 365 days after entry of this Order, including but not limited to the following assets: (a) 2015 GMC Yukon, (b) 2016 Mercedes S600X, and (c) 2016 Hyundai Tucson SE. Any party or the Receiver may request that the Court extend the Receiver's term

for good cause. Upon termination of the receivership and final payment to the Receiver of all approved fees, costs, and expenses, the Receiver shall turn over to the FTC or its designated agent all remaining assets in the receivership estate.

## COOPERATION

IX. **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants must fully cooperate with representatives of the FTC in this case and in any investigation related to or associated with the transactions or the occurrences that are the subject of the Complaint or concerning entities that provided services related to or associated with the business activities described in the Complaint. The Corporate and Individual Defendants must provide truthful and complete information, evidence, and testimony. The Corporate and Individual Defendants must cause their officers, employees, representatives, or agents to appear for interviews, discovery, hearings, trials, and any other proceedings that a representative of the FTC may reasonably request upon 5 days written notice, or other reasonable notice, at such places and times as a representative of the FTC may designate, without the service of a subpoena. Nothing contained in this Section shall be deemed a waiver by an Individual Defendant of any rights each may have pursuant to the Fifth Amendment to the Constitution of the United States.

## ORDER ACKNOWLEDGMENTS

X. **IT IS FURTHER ORDERED** that the Corporate and Individual Defendant obtain acknowledgments of receipt of this Order:

A. Each Corporate and Individual Defendant, within 7 days of entry of this Order, must submit to the FTC an acknowledgment of receipt of this Order sworn under penalty of perjury.

B. For 5 years after entry of this Order, each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and each Corporate Defendant must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order, and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting. Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C. From each individual or entity to which a Corporate or Individual Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## COMPLIANCE REPORTING

XI. **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants make timely submissions to the FTC:

A. One year after entry of this Order, each Corporate and Individual Defendant must submit a compliance report, sworn under penalty of perjury:

1. Each Corporate and Individual Defendant must: (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the FTC may use to communicate with it; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business,

including the products and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which the Individual Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the FTC.

2. Additionally, each Individual Defendant must: (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B. For 20 years after entry of this Order, the Corporate and Individual Defendants must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1. Each Corporate and Individual Defendant must report any change in: (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that such Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2. Additionally, each Individual Defendant must report any change in : (a) name, including aliases or fictitious name, or residence address; (b) title or role in any business activity,

including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C. Each Corporate and Individual Defendant must submit to the FTC notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against it within 14 days of its filing.

D. Any submission to the FTC required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E. Unless otherwise directed by a FTC representative in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to:  Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  The subject line must begin:  FTC v. Lead Express, X200033.

**RECORDKEEPING**

XII. **IT IS FURTHER ORDERED** that the Corporate and Individual Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, each Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A. accounting records showing the revenues from all products or services sold;

B. personnel records showing, for each person providing services, whether as an employee or otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C. records of all Consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D. all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to the FTC; and

E. a copy of each unique advertisement or other marketing material.

## COMPLIANCE MONITORING

XIII. **IT IS FURTHER ORDERED** that, for the purpose of monitoring the Corporate and Individual Defendants' compliance with this Order, including the financial representations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A. Within 14 days of receipt of a written request from a representative of the FTC, each Corporate and Individual Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. The FTC is also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B. For matters concerning this Order, the FTC is authorized to communicate directly with each Corporate and Individual Defendant. The Corporate and Individual Defendants

      must permit representatives of the FTC to interview any employee or other person affiliated with any Corporate or Individual Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C. The FTC may use all other lawful means, including posing, through its representatives as Consumers, suppliers, or other individuals or entities, to the Corporate and Individual Defendants or any individual or entity affiliated with the Corporate and Individual Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1.

D. Upon written request from a representative of the FTC, any consumer reporting agency must furnish consumer reports concerning the Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1).

**ENTRY OF JUDGMENT**

XIV. **IT IS FURTHER ORDERED** that there is no just reason for delay of entry of this judgment, and that, pursuant to Federal Rule of Civil Procedure 54(b), the Clerk immediately shall enter this Order as a final judgment as to Defendants Lead Express, Inc., Camel Coins, Inc., Sea Mirror, Inc., Naito Corp., Kotobuki Marketing, Inc., Ebisu Marketing, Inc., Hotei Marketing, Inc., Daikoku Marketing, Inc., Takehisa Naito, and Keishi Ikeda.

### RETENTION OF JURISDICTION

XV.     **IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

Dated: April 1, 2021