JAMES REILLY DOLAN
Acting General Counsel
GREGORY A. ASHE
HELEN CLARK
Federal Trade Commission
600 Pennsylvania Avenue NW
Washington, DC 20580
Telephone: 202-326-3719 (Ashe)
Telephone: 202-326-2273 (Clark)
Facsimile: 202-326-3768
Email: gashe@ftc.gov, hclark@ftc.gov

CHRISTOPHER CHIOU
Acting United States Attorney
LINDSAY AGER
Assistant United States Attorney
Nevada Bar No. 11985
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Phone: (702) 388-6336
Facsimile: (702) 388-6787
Email: Lindsay.ager@usdoj.gov

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| **FEDERAL TRADE COMMISSION**, <br><br> Plaintiff, <br><br> v. <br><br> **LEAD EXPRESS, INC.**, *et al.*, <br><br> Defendants. | **Case No. 2:20-cv-00840-JAD-NJK** <br><br> **FTC'S CONCURRENCE TO RECEIVER'S APPLICATION FOR (1) DISCHARGE OF RECEIVER AND (2) APPROVAL OF FINAL FEE APPLICATION** |

Plaintiff, the Federal Trade Commission ("FTC"), through its undersigned counsel, respectfully submits this concurrence in support of the Receiver's application for: (1) discharge from his duties as Receiver; and (2) approval to pay final invoices totaling $32,167.76 for the

1

Receiver and his counsel. (ECF No. 98.)  The FTC further concurs in the Receiver's recommendation that the Court terminate the receivership.  (ECF No. 98.)

The FTC agrees that the work of the receivership is now complete.  The FTC has reached, and the Court has entered, a settlement with defendants Lead Express, Inc., Camel Coins, Inc., Sea Mirror, Inc., Naito Corp., Kotobuki Marketing, Inc., Ebisu Marketing, Inc., Hotei Marketing, Inc., and Daikoku Marketing, Inc. ("Corporate Defendants") and Takehisa Naito and Keishi Ikeda ("Individual Defendants") that has resolved all outstanding issues between the FTC and each of the Corporate and Individual Defendants. (*See* ECF No. 95.)  And the FTC's motion for default judgment against the remaining defendant, La Posta Tribal Lending Enterprise ("Tribal Defendant"), has been fully briefed and is ready for ruling by the Court.[1] (*See* ECF Nos. 91, 92, 93, 96, and 97.)  Pursuant to Section VII.L of the Stipulated Order for Permanent Injunction and Monetary Judgment as to the Corporate and Individual Defendants (ECF No. 95 at 12), the FTC intends to return approximately $1 million to consumers who were subjected to Defendants' unlawful payday lending scheme, and the redress fund is comprised principally of funds that the Receiver secured.

The FTC submits that the services the Receiver rendered during the course of the receivership were necessary, appropriate, and brought value to the Receivership Estate.  The Receiver's Final Account and Report (ECF No. 99) highlights myriad issues the Receiver encountered in administering the receivership estate.  These issues included securing the

---

[1] The FTC notes that the Tribal Defendant was never part of the Receivership.  (*See* ECF Nos. 44 and 47.)  Nevertheless, pursuant to the Stipulated Preliminary Injunction with the Tribal Defendant, the Tribal Defendant's assets were transferred to the receivership.  (*See* ECF No. 47.)  And the FTC's proposed default judgment order would confirm that that money remains part of the receivership to be disposed of by the Receiver.  (*See* ECF No. 97-1.)  Notwithstanding the pending default judgment motion, the FTC concurs with the Receiver that the receivership can be terminated.

2

business premises during the COVID-19 pandemic, evaluation and repayment of unused loan disbursements from the Small Business Administration's Paycheck Protection Program, and the sale of several luxury vehicles.  The substantial fund now available for consumer redress is testament to the efficiency that the Receiver applied to resolving the issues the receivership encountered.

Moreover, in the course of administering the Estate, the Receiver took steps that inured directly to the benefit of consumers.  Among other things, the Receiver determined that the receivership could not responsibly collect on the thousands of outstanding payday loans purportedly owed to the receivership defendants by consumers.  Given that the FTC maintains that all of those loans were procured through unlawful practices, the Receiver's actions averted additional harm to consumers.

The FTC has carefully reviewed the Receiver's application for discharge and approval to pay final invoices for the Receiver and his counsel (ECF No. 98), the declaration of the Receiver in support thereof (ECF No. 99), and the invoices submitted therewith (ECF No. 99-1 – 99-4). Based on its review, its work with the Receiver over the course of the receivership, and the benefits to consumers that accrued as a result of the Receiver's work, the FTC concurs in the Receiver's application.

Accordingly, for the reasons set forth herein, the FTC therefore respectfully requests that Court enter the proposed Order submitted by the Receiver with his application. (ECF No. 100.)

| | |
|---|---|
| Dated: May 14, 2021 | Respectfully submitted,<br><br>JAMES REILLY DOLAN<br>Acting General Counsel<br><br>/s/ Gregory A. Ashe<br>GREGORY A. ASHE<br>HELEN CLARK<br>Federal Trade Commission<br>600 Pennsylvania Avenue NW<br>Washington, DC 20850<br>Telephone: 202-326-3719 (Ashe)<br>Telephone: 202-326-3373 (Clark)<br>Facsimile: 202-326-3768<br>Email: gashe@ftc.gov, hclark@ftc.gov<br><br>CHRISTOPHER CHIOU<br>Acting United States Attorney<br>LINDSAY AGER<br>Assistant United States Attorney<br>Nevada Bar No. 11985<br>501 Las Vegas Blvd. South, Suite 1100<br>Las Vegas, Nevada 89101<br>Phone: (702) 388-6336<br>Facsimile: (702) 388-6787<br><br>Attorneys for Plaintiff<br>FEDERAL TRADE COMMISSION |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 14, 2021, a true and correct copies of **FTC'S CONCURRENCE TO RECEIVER'S APPLICATION FOR (1) DISCHARGE OF RECEIVER AND (2) APPROVAL OF FINAL FEE APPLICATION** was filed electronically with the United States District Court for the District of Nevada using the CM/ECF system, which sent notification to all parties of interest participating in the CM/ECF system.

/s/ Gregory A. Ashe
Attorney for Plaintiff Federal Trade Commission