UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>              Plaintiff,<br><br>   v.<br><br>LEAD EXPRESS, INC., et al.,<br><br>              Defendants. | Case No. 2:20-cv-00840-JAD-NJK<br><br>**Order Discharging Receiver, Approving Final Fee Application, and Closing Case**<br><br>ECF Nos. 99, 100 |

Before the Court is the Receiver's Application for Discharge and Approval of Final Fee Application. Mr. McNamara was appointed Receiver in this matter by the Order Granting Stipulation to Enter Preliminary Injunction Against the Corporate Defendants ("Corporate PI") entered June 19, 2020 (ECF No. 44).

Upon application of the Receiver and good cause appearing therefore, and as the FTC concurs in the receiver's application (ECF No. 101), the Court hereby ORDERS:

1. The Receiver's Final Report dated May 6, 2021 is hereby accepted and approved.

2. The Receiver's Final Fee Application for the period August 1, 2020 through April 30, 2021, is hereby approved and the Receiver is authorized to make payments as follows: $18,662.50 fees and $256.06 expenses to the Receiver and his staff payable to TWM Receiverships, Inc. dba Regulatory Resolutions; $11,239.50 fees and $13.90 expenses to Receiver's counsel McNamara Smith LLP; and $1.995.80 fees to Receiver's local counsel Ballard Spahr LLP.

3. The Receiver is authorized to hold back a reserve of $7,500 to cover final administrative fees and costs, *e.g.*, document and electronics storage costs, removal and destruction of computer hard drives, and document destruction costs, and may expend those funds without further order of the Court and must remit any unexpended funds to the Federal Trade Commission (FTC) after 120 days.

4. Within five business days of entry of this Order, the Receiver must transfer all remaining funds, after deductions for the fees and expenses approved in Paragraph 2 and the reserve approved in Paragraph 3, in the amount of $1,066,032.92, to Plaintiff Federal Trade Commission.

5. The Receiver must retain for 90 days from the date of this Order any business records, including electronic media, and computer hard drives, of Receivership Entities now in his possession and shall thereafter destroy those records.

6. With regard to all customer records, defined as any records which contain information provided by a consumer to obtain a financial-related good or service from the Receivership Entities, information about a consumer resulting from any transaction involving a financial-related good or service provided by the Receivership Entities, or information otherwise obtained by Receivership Entities in connection with providing a financial-related good or service to a consumer ("Customer Records"), the Customer Records will be destroyed in the following manner: (a) paper documents containing Customer Records shall be shredded so that the information cannot be read or reconstructed, and (b) electronic records or media containing Customer Records shall be destroyed or erased so that the information cannot be read or reconstructed.

7. All assets not distributed or otherwise administered by the Receiver as of the closing of the Receivership Estate are deemed abandoned.  Abandoned assets may be destroyed or discarded, without regard to title or value, in the sole and absolute discretion of the Receiver.

8. The acts, transactions, and actions of Thomas W. McNamara as Receiver as disclosed in the pleadings filed with the Court in this matter are confirmed and approved as being in the best interests of the Receivership Estate.

9. Thomas W. McNamara is hereby discharged as Receiver.

10. Thomas W. McNamara is released and exonerated from all further duties, liabilities, and responsibilities as Receiver.  Mr. McNamara and the professionals retained by him as Receiver shall have no personal liability of any nature for any act, omission, or matter pertaining to the receivership , except as otherwise permitted by law.

11. This Court shall retain jurisdiction over any and all matters relating to the Receiver, the receivership, and the Receivership Estate, including any matters relating to the distribution of funds received by the Receiver in connection with his obligations as Receiver or otherwise received after the receivership is closed. To the extent any dispute arises concerning the Receiver's administration of the Receivership Estate or to the extent any person or entity seeks to pursue or assert any claim or action against the Receiver or any agent, employee, member, officer, independent contractor, attorney, or representative of the Receiver, arising out of or related to this receivership, the Court shall retain jurisdiction to hear and resolve any such dispute or claim.

12. The Receiver's bond is exonerated.

13. The receivership is terminated.

14. The Clerk of Court is directed to **CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
March 9, 2022